## BRIGHTON AND NORTH POINT IRRIGATION COMPANY, APPELLANT, *v.* CHARLES C. LITTLE AND OTHERS, RESPONDENTS.

IRRIGATION— CONTRACTS— CONSTRUCTION— PLEADING— CROSS COM-
PLAINT.

1. The Jordan Irrigation Company entered into a contract with one Little whereby the latter transferred his title to a certain dam and canal, and granted a right of way through his land fnr said canal, to the irrigation company, in consideration that it would permit Little to water from the canal, which the company enlarged, 200 acres of his land. The plaintiff herein became the legal successor of the irrigation company, and defendants became successors to Little. Defendants took the water from the canal at six different places, but not subject to the direction and control of the water master. *Held,* that, assuming the land to be undulating, said defendants might take the water from the canal in said number of different places, if convenience and necessity so required, and that defendants were not subject, like stockholders, to the control of the water master, but should follow the directions of the water master, as far as they may be according to the agreement.

2. As it did not appear by the weight of evidence that Little agreed to contribute proportionately with the stockholders in keeping the canal cleaned and in repair, his successors were not bound to do so.

3. Where, in the prayer of the complaint, the plaintiff asks that the defendants might be required to set forth their alleged adverse claim, and that the court might decree it to be null and void, and the defendants set up the agreement, and the facts upon which they base their rights to the water, and pray that their rights as shown by the allegation in their answer may be decreed to them, the court may grant to defendants an affirmative decree without a cross complaint having been filed.

(No. 635. Decided Aug. 20, 1896.)

Appeal from the district court of the Third judicial district. Hon. S. A. Merritt, *Judge.*

This was an action by the Brighton and North Point Irrigation Company against Charles C. Little and others to establish the right and control of the waters of a certain canal, and to quiet title against defendants, and asking that they be required to set forth their rights. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Brown, Henderson & King,* for appellant.

The defendants did not file any cross complaint. They had neglected to be plaintiffs in any action; seemed unwilling to have this matter settled by a competent decree, and when sued failed to file any cross complaint whatsoever. We allege it as error for the court to award an affirmative decree in their behalf. If the plaintiff failed to make out a case, the most that could be done would be to dismiss his complaint.

If a defendant has any cause of cross complaint he should plead it as such.

Matters which are proper as a defense will not be turned into a counter claim or cross complaint merely by a prayer for affirmative relief. *Shain* v. *Bebin,* 79 Cal. 263; *Doyle* v. *Franklin,* 40 Cal. 110; *Brannan* v. *Paty,* 58 Cal. 331-333; *Carpenter* v. *Hewelte,* 7 Cal. 590.

*Williams, Van Cott & Sutherland,* for respondent.

ZANE, C. J.:

It apears from the evidence in this record that in the year 1860 the late Feramorz Little owned a canal through which he was irrigating about 200 acres of land from the Jordan river; that the canal was four miles long, two of

which were on his land; that it was six feet wide at the bottom, and wider at the top, and was more than a foot deep. It also appears that certain owners of land situated below Little's farm organized a corporation known as the Jordan Irrigation Company; that in 1864 Little transferred to it his dam and canal, and the right of way through his land for the distance of over two miles, in consideration that the company would permit him to take as much water as he was using for the irrigation of the 200 acres. The company was also given the right to remove a house of his to enable the company to straighten the canal, for which he was to be paid $1,000. It appears further that the company took possession of the canal and dam, and that said company and the plaintiff, its successor, have since enlarged it, and hitherto have kept it in repair, and that $200 has been paid on the $1,000. It also appears that the North Point Irrigation Company, the plaintiff, was organized in 1882, and succeeded to the rights and obligations of the Jordan Irrigation Company, as far as they relate to the canal in question. After hearing the evidence and arguments of counsel for the respective parties, the court below made a number of findings among which were the following: "(7) That the said defendants herein have succeeded * * * to the said land owned by Feramorz Little, and own the same in fee simple, and also have succeeded to, and that they now * * * own, all of said Feramorz Little's rights in and to the water owned by the said Feramorz Little, and have succeeded to all of his rights in and to said dam, ditch, and water right. (8) That said defendants and their predecessor in interest, to wit, the said Feramorz Little, have for a long time passed used, and are now using, for useful purposes of the water of said canal and ditch, and are entitled to such use, as a reasonable necessity for said Little farm from said canal

and ditch, a quantity of water, continuously flowing, equal to a stream thirty-six inches wide by six inches deep, flowing through a wooden box set level, and not less than four feet long; and the water may be taken out at six different places along where the canal passes through the Little farm. (9) That said defendants are entitled to said quantity of water described in said finding 8, for the use of said Little farm, without any expense to themselves whatever, except that the said defendants are to take the water from said canal where it passes through the said Little farm." The evidence was conflicting as to the quantity of water necessary to irrigate defendants' 200 acres of land. Competent experts, as well as farmers of observation and experience with respect to irrigation, were examined, and the findings as to the quantity appears to be supported by the weight of evidence.

Objection is also made to the finding that defendants have the right to take the water out at six different places. Assuming that the land is undulating, the irrigation of it is less difficult and less expensive when the water is taken out of the canal at different points. It appears that the water has been taken from the canal at as many as six places.

It is insisted that the defendants should be required to take water under the direction of the water master, as the stockholders of the plaintiff are required to do. The court below held that the defendants had a right to take water under the agreement made between the late Feramorz Little and the Jordan Irrigation Company, and not as stockholders. In this we think the court found correctly, but, while this is so, the defendants should follow the directions of the water master, so far as they may be, according to the agreement, reasonable; and they should not take out water at more points than conve-

nience and necessity require, and they should use all reasonable care not to injure its banks, or interfere unreasonably with its waters.

The plaintiff also insists that the defendants should contribute proportionately with the stockholders to the cost of cleaning out and keeping the canal in repair. The court below found that the agreement by which all the parties were bound exempts the defendants from the payment of such costs and expense, and this finding seems to be supported by the weight of evidence.

The plaintiff also insits that the court erred in granting an affirmative decree for the defendants, without a cross complaint having been filed. In the prayer of the complaint the plaintiff asked that the defendants might be required to set forth their alleged adverse claim, and that the court might decree it to be null and void. And the defendants in their answer set up the agreement, and the facts upon which they based their right to use the waters of the canal, and prayed that their right, as shown by the allegations of their answer, might be decreed to them, and for such other relief as might be just and equitable. Under the pleadings, the court was required to determine from the evidence the rights of the respective parties with respect to the canal and the waters thereof. The pleading in this case presents an exception to the general rule that affirmative relief on an affirmative decree will not be granted to the defendants without a counter claim or a cross complaint. *Kitts* v. *Austin,* 83 Cal. 167, 23 Pac. 290; *Wilson* v. *Madison,* 55 Cal. 5; *Miller* v. *Luco,* 80 Cal. 257, 22 Pac. 195.

We find no reversible error in this record. The judgment is affirmed

BARTCH and MINER, JJ., concur.