### SEIBERLING *et al.* V. MORTINSON.

Where, in an action on a note, the answer alleged that the sole considera-tion was, a machine which plaintiffs agreed to repair, and that, by rea-son of their failure to make such repairs, the machine was worthless, an affirmative judgment for defendant, over and above the price of the ma-chine, was erroneous, there being no averment of loss sustained in at-tempt to use it.

(Opinion filed April 6, 1897.)

Appeal from circuit court, Brookings county. Hon. J. O. ANDREWS, Judge.

Action upon promissory notes. From an affirmative judg-ment in favor of defendant, plaintiffs appeal. Reversed.

The facts are stated in the opinion.

*Frank D. Gay (Mathews & Murphy,* of counsel), for appel-lant.

*·Alexander & Hooker,* for respondent.

FULLER, J. Defendant, after admitting the execution, de-livery, and nonpayment of two promissory notes, made the basis of this suit and aggregating $40, exclusive of interest, al-leges, in substance, that a second hand Empire reaping ma-chine was the only consideration therefor, and that, by reason of plaintiff's failure to comply with their agreement to repair and put said machine in good working order, the consideration has wholly failed, as the machine without such repairs is, and at the time of purchase was, of no value whatever. Although no claim is made that defendant sustained special damages, and a breach of warranty is the only defense available and sus-

ceptible of proof under the answer, when most liberally con-
strued, the jury found for defendant affirmatively, and returned
a verdlct in his favor for $57.04 damages, and the court entered
judgment thereon for $88.29, including costs, and from said
judgment plaintiffs prosecute this appeal.    In the absence of
an averment under which respondent would be permitted to
prove that expenses were incurred or loss sustained by an ef-
fort, in good faith, to use the machine for the purpose intended
the judgment appealed from is not sustainable.    Conceding, in
the absence of additional detriment, that the property would
have been worth just $40, the purchase price, had the repairs
been made as agreed upon, and that, without being repaired
and put in order, the machine was, at all times to which the
alleged warranty relates, absolutely worthless, respondent
could recover no more than a judgment of dismissal and for
costs and disbursements.    Comp. Laws, §§ 4593, 4594.    The
judgment is reversed and a new trial ordered.