### Seiberling *et al.* v. Mortinson.

1. The court will presume, in the absence of a bill of exceptions, that the evidence was sufficient to support a verdict that the pleadings warranted.

2. Where evidence is admitted to supply defective pleading, the court on appeal will permit an amendment thereof to conform to the facts proven, or presume that such amendment was made below, where the averments were technically defective, but not where there was an entire want of averments.

3. The judgment of the court must be, in substance and effect, within the issues presented by the pleadings.

4. Where there were no averments in the answer of any facts showing special damage, and the so-called defense and counterclaim constituted a defense to the action only, the fact that plaintiff served a reply, when

not required to, did not change the nature of the pleadings, so as to justify affirmative relief for defendant.

(Opinion filed May 17, 1898.)

On rehearing.

In an opinion filed April 6, 1897, and reported in 9 S. D. 576, 70 N. W. 835, the judgment appealed from was reversed and a new trial ordered.    On this rehearing the former decision is adhered to.

*Frank D. Gray*, (*Mathews & Murphy*, of counsel) for appellant.

*Alexander & Hooker*, for respondent.

CORSON, P. J.    This case was decided at a former term of this court, and is reported in 9 S. D. 576, 70 N. W. 835.    A rehearing was granted on the ground that, by reason of unavoidable delays, the brief of respondent was not before the court when the opinion was prepared, and hence the court was not advised of the views of respondent upon the questions presented.    As appears from the former decision of this court, the appeal is from the judgment alone, no bill of exceptions having been settled, and no motion for a new trial having been made. The appellant contends that, under the pleadings, the defendant was not entitled to an affirmative judgment, other than a judgment for the dismissal of the action, and that the record discloses the error in the verdict and judgment.    The respondent insists (1) that, in the absence of a bill of exceptions, this court will presume, to sustain the judgment, that the evidence was sufficient to support the verdict of the jury; (2) that, if the evidence was sufficient to support the verdict, the appellant cannot be heard for the first time in this court to object to the pleadings as not sufficient to support the verdict; (3) that, if the pleadings were insufficient, an amendment of the same to make them conform to the proofs will be presumed to have been made in the trial court; (4) that the defense set out in the answer, having been replied to and treated by the appellant as a counterclaim, should be so regarded by this court.

If the verdict was warranted by the pleadings, this court will presume, in the absence of a bill of exceptions, that the evidence was sufficient to support the same. And if, in fact, there was a counterclaim pleaded, but defective for want of some technical averment, and it was made to affirmatively appear that evidence was admitted to supply the defect in the pleadings, this court would permit an amendment of the pleadings to conform to the facts proven, or presume that such an amendment was made in the court below, and refuse to reverse the judgment for such apparent error. Johnson v. Burnside, 3 S. D. 230, 52 N. W. 1057; Sherwood v. City of Sioux Falls, 10 S. D. 405, 73 N. W. 913. But where there is an entire want of averments to support the verdict, this court cannot presume that the pleadings were amended in the trial court in such manner as to support the verdict and judgment, as the record presented would show affirmative error in the verdict and judgment. Where such error is shown on a direct appeal from the judgment, except in the class of cases above mentioned, the case must be reversed.

In addition to the fact that the court has cognizance of that class of cases to which the one to be adjudged belongs, and jurisdiction of the parties, the point decided must be, in substance and effect, within the issues presented by the pleadings. This was held to be the rule when the judgment was collaterally attacked in Munday v. Vail, 34 N. J. Law 418. In that case the court says: "The counsel for the defense did not attempt to maintain the property of such a decree, but argued that, if erroneous, it could not be called in question in this collateral suit. Cases were cited to sustain this position. But these decisions are all to the effect that the judgment or decree of a court having jurisdiction over the controversy and the parties cannot be impeached for error, except in a direct proceeding for that purpose. The proposition has long since taken its place among the settled maxims of law. The only question is whether it applies to the present case. If the court of

chancery, in the case under review, had the power to make the decree in question, the legal rule thus invoked must prevail, but if the court had no such power the rule is not applicable. The inquiry is, had the court jurisdiction to the extent claimed? Jurisdiction may be defined to be the right to adjudicate concerning the subject-matter in the given case. To constitute this, there are three essentials: First, the court must have cognizance of the class of cases to which the one to be adjudged belongs; second, the proper parties must be present; and, third, the point decided must be, in substance and effect, within the issue. That a court cannot go out of its appointed sphere, and that its action is void with respect to persons who are strangers to its proceedings, are propositions established by a multitude of authorities. A defect in a judgment, arising from the fact that the matter decided was not embraced within the issue, has not, it would seem, received much judicial consideration; and yet I cannot doubt that, upon general principles, such a defect must avoid a judgment." This case is referred to and cited with approval in Freem. Judgm. § 121c, and in Black, Judgm. § 242. It was conceded, in effect, by counsel in the case above cited, as will be observed, that this was the rule when a judgment was attacked on a direct appeal, but they contended it did not apply in case of a collateral attack. Applying this rule to this case, it is manifest that the verdict and judgment in favor of the defendant was erroneous. There were no averments of any facts showing special damage, or which would authorize a verdict or judgment for special damage. The so-called defense and counterclaim constituted a defense to the action only, and the fact that the plaintiff served a reply thereto, when not required so to do, did not change the nature of the pleading. Courts determine the character of a pleading on inspection of the pleading itself, and not by the manner in which it is treated by the parties. There being no issue in this case as to any special damage, and no pleadings that warrant the verdict and judgment, the former opinion of

this court is affirmed, and the judgment of the court below is reversed, and a new trial granted.