JOHN R. PARK, RESPONDENT, *v.* ROBERT MORRIS WILKINSON AND MIMA WILKINSON, APPELLANTS.

DEEDS — DESCRIPTION — NATURAL MONUMENTS — HOW FAR THEY CONTROL — POWER OF COURT TO CORRECT DESCRIPTION — IN ACTION TO QUIET TITLE. ACTION TO QUIET TITLE — LEGAL OR EQUITABLE — UNDER SEC. 3511, R. S. 1898 — PROCEDURE BY TRIAL COURT.

*Deeds — Description — Natural Monuments — How Far They Control — Power of Court to Correct Description — In Action to Quiet Title.*

In a conveyance of land by natural monuments, distances and quantity being the most uncertain, must yield to the description by natural monuments; and in an action to quiet title to land so described, it is proper for a court to read into the deed sufficient language to close the description by natural monuments.

*Action To Quiet Title — Legal or Equitable — Under Section 3511, R. S. 1898 — Procedure by Trial Court.*

Actions to quiet title or to determine adverse claims under Sec. 3511, R. S. 1898, may be of a legal or equitable character, depending upon the pleadings; but where there are both equitable issues and issues of fact in the case, the court should first determine the equitable issue, and then submit the issues of fact to a jury upon proper instructions, and a failure so to do constitutes reversible error.

(Decided April 2, 1900.)

Appeal from the Third District Court, Salt Lake County, Hon. A. N. Cherry, *Judge.*

Action under Section 3511, R. S. 1898, to determine an adverse claim and to quiet title to certain real property. From a judgment for plaintiff defendants appealed.

*Reversed.*

*Messrs. Goodwin & Van Pelt,* attorneys for appellants.

The plaintiff never owned the property described in the decree. His deed contains a void description. Where a stake standing at the termination of the first line of a description is found, it will determine the length of the line; but if it be not found, its length will be determined by the number of rods in the deed. *Chandler* v. *McCard*, 38 Me., 564; *People* v. *Jones*, 49 Hun., 365, 2 N. Y. Sup., 148; *Wharton* v. *Garvin*, 10 Casey (Penn.), 340; *Tracy* v. *Harmon* (Mon.), 43 Pac., 500.

This action is one of those authorized by the statute, and in common practice has taken the place of an ejectment suit. Nothing is asked for except what would be asked for in an ejectment suit, and the form of trial is just the same. It is a law case and not a suit in equity. To hold otherwise would enable a plaintiff to evade a trial by a jury, and have his case tried by a judge, although the rights, remedies, and proof are identical.

On this point we have authority in California directly in our favor, under statutes identical with ours. *Donohue* v. *Meister*, 25 Pac., 1096; *Newman* v. *Duane*, 27 Pac., 66.

If it should be urged that there was nothing to go to the jury, we reply that while the question of what are boundaries is for the court, the question of where the boundaries are is one of fact. *Andrews* v. *Todd*, 50 N. H., 565; *Cochran* v. *Smith*, 73 Hun., 597; *Ibid*, 26 N. Y. Supp., 103; *Opdyke* v. *Stephens*, 28 N. J. Law, 83; Am. Dig., Century Ed., Vol. 8, 712–26, Sections 195 to 203.

*Messrs. Young & Moyle*, attorneys for respondent.

In order to hold the description in question void for uncertainty, every fundamental rule for the construction

of deeds would have to be disregarded. One of the first rules is that a deed should be so construed as to carry out the intention of the parties; and the court in construing a deed should consider the surrounding circumstances, and should be placed in the exact position of the parties in order to determine the intent. Devlin on Deeds, Vol. 11, Secs. 839, 840, 851, 1012, page 320; *Whitney* v. *Robinson, et al.*, 53 Wis., 314; *Walsh* v. *Hill*, 38 Cal., 481, 487; *Messer* v. *Oestrich*, 52 Wis., 684.

And the construction should be given to the deed to give the deed effect, if it can be given. Devlin on Deeds, Vol. 11, Sec. 850–851–840.

And the actual location on or use of the piece of property makes a deed certain. *Messer* v. *Oestrich*, 52 Wis., 690.

And if there is sufficient in the deed to identify the land, the description is good. *Rushton* v. *Hallett*, 8 Utah, 283; *Cereghino* v. *Wagener*, 4 Utah, 518; Devlin on Deeds, reference cited *supra*.

When a deed is not certain on its face, but when applied to the land is uncertain, the uncertainty is "latent," and the intention can be proven by parole. *Waterman* v. *John*, 13 Pickering, 261; Devlin on Deeds, Vol. 11, Sections 1031, 1043; Dembitz on Land Title, Vol. 1, Sec. 7, page 45.

But even the omission of one full boundary does not make a deed uncertain. *Thompson* v. *Thompson*, 21 S. W. Rep., 1085; *Woodard* v. *Nines*, 130 Mass., 70; *Morse* v. *Rogers*, 118 Mass., 572; *Locht* v. *Austin*, 13 Southern Rep., 838; *Brand* v. *Damroy*, 19 Am. Dec., 176.

But even if the deed were void for uncertainty, appellants could make no such claim, because they are disparaging the very title they pretend to give. *Marrier* v.

*Lee,* 2 Utah, 460; *Clark* v. *Boyrean,* 14 Cal., 612, 630; Revised Statutes of Utah 1888, Secs. 2620, 2645; *San Francisco* v. *Lawton,* 18 Cal., 466, 474; *Glassman* v. *O'Donnell,* 6 Utah, 446.

Our statute provides, Section 3218:

"In cases for the recovery of specific real or personal property * * * the issues of fact may be tried by a jury. * * * Where in these cases there are issues both of law and fact, the issue of law must first be disposed of." *Steele* v. *Boley,* 7 Utah, 64; *Kahn* v. *Old Tel. Mining Co.,* 2 Utah, 175; *Weber* v. *Marshall,* 19 Cal., 457; *Swayser* v. *Adair,* 88 Cal., 180; *Bodley* v. *Ferguson,* 30 Cal., 511, 518.

Even if there were issues involved in the case to be tried by a jury, appellants could not complain, because when there are legal and equitable questions to be determined in a case, the demand for a jury must state what issues are to be determined by them. Ency. of Plead. and Prac., Vol. 12, page 248, C ; *Chadbourn* v. *Zildorf,* 24 Northwestern Rep., 308 ; *Peden* v. *Cavin,* 34 N. E. R., 7.

When at the close of a trial a motion is made to have a case submitted to the jury, the motion must specify the question of fact desired to be submitted. *Mayer* v. *Dean, et al,* 115 N. Y, 556; Ency. of Plead. and Prac., Vol. 6, page 704, note 1; *Jones* v. *Memmott,* 7 Utah, 340.

MINER, J.

This action was brought under Sec. 3511, Rev. Stat. 1898, to determine the adverse claim and quiet title to real property, by the plaintiff. The complaint alleges title in fee and right of possession in the plaintiff, and

that defendants claim an interest therein, which is a cloud upon plaintiff's title. The defendants denied this, and Mima Wilkinson by cross-complaint alleged title in herself, and set up a special defense by cross-complaint, claiming that plaintiff's ownership of the land should be declared invalid, and that he should be perpetually enjoined from setting up or making any claim to said premises, and that her claim should be quieted.

The appellants claim that owing to the faulty description in plaintiff's deed he should have filed a bill to correct it; that he has made a mistake in his remedy, and that the court erred in discharging the jury after testimony was closed and in trying the case as an equity case, and in making findings correcting the description in the deed.

The description of the premises in the complaint reads as follows: "Beginning at the southeast corner of lot 19, Block 2, Five Acre Plat 'A,' Big Field Survey, Salt Lake County, thence north 17.4 rods. to the northeast corner of said lot; thence west along the north line of said lot. 33.8 rods; thence up the center of Canyon Creek in a southeasterly general direction to the east line of lot 20 in said block; thence north 4½ rods, more or less, to the place of beginning."

The only irregularity claimed in the deed is in the second course, it being claimed that the line when run does not reach the center of Canyon Creek, the beginning of the description of the third course, by 66 feet. The description reads: "Thence west along the north line of said lot 33.8 rods; thence up the center of Canyon Creek in a southeasterly general direction to the east line of lot 20 in said block." The court read into the deed after the words 33.8, the words "*more or less to the center of Canyon Creek*," and made his decree accordingly. The

creek was 66 feet further west from the point indicated by the call in the deed, and ran southeasterly, or within about 30 feet south of that point.

The words used in the deed should be construed according to the intention of the parties making it, and when the intention of the parties can be ascertained therefrom, nothing remains to effectuate that intention.

By the deed Canyon Creek is made the south boundary of the land. The creek is a natural monument. The end of the second call in the deed is not at any monument or stake. The beginning of the third call indicates a natural monument, and explains the meaning of the second call, showing that the intention of the parties was to carry· the north line to the creek. In a conveyance by natural monuments, distances and quantity being the most uncertain, must yield to the former. "But when there are no natural monuments or lines called for by which the closing line is to be fixed or ascertained, and no line on the ground, it follows of necessity that the survey is to be closed by a direct line between the termini of the lines on the ground, or as fixed by the courses and distances returned to ascertain those termini." The natural monuments govern and control the other description.

Evidently the intention of the parties was that the north line should run to the Canyon Creek, for from its terminus, as described, the boundary runs from "thence up Canyon Creek in a southeasterly direction to the east line of lot 20." This creek gives the southeasterly boundary line of the land.

We are of the opinion that the court correctly carried the north line of the lot to Canyon Creek, and that the Creek was the west terminus of the second call described in the deed.

Upon this subject see, *Wharton* v. *Garvin*, 34 Pa. St.,

340; *Chandler* v. *Mc Card*, 38 Me., 564; *Higginbotham, et al.*, v. *Stoddard*, 72 N. Y., 94; 2 Devlin on Deeds, Sec. 835.

The appellants also complain that after the testimony was taken the court improperly dismissed the jury and made its findings.

In the defendant's cross-complaint equitable relief is asked, and an injunction prayed against the plaintiff.

Actions to quiet title or to determine adverse claims under Sec. 3511, Rev. Stat. 1898, may be of a legal or equitable character, depending upon the pleadings.

In the present case, defendant, in her cross-complaint, asks for equitable relief. The court heard the case before the jury until the facts were disclosed, and then discharged the jury, and found the issues for the plaintiff. The action was in the nature of one in ejectment. Such are law cases in which a jury may properly be demanded, unless equitable questions are involved. In such cases the equitable issue should first be passed upon by the court, and whenever an issue of fact, as distinguished from an equitable issue, is to be determined, that question should be left to the jury under proper instructions from the court.

In *Steele* v. *Boley*, 7 Utah, 67, this court said:

"Under our system of practice equitable defenses may be interposed in an action of ejectment, and, if the answer contain all the essential averments of a bill in equity, affirmative relief may be granted thereon. The equitable issues should first be passed upon by the court, for upon such determination as to the relief claimed by a defendant will the necessity of proceeding with the action at law depend. In this case the trial of the legal defense to a jury ignoring the equitable defense and cross-complaint was irregular. Sec. 3128, Rev. Stat. 1898.

To the same effect is *Cohn* v. *Mining Co.*, 2 Utah, 174; *Donohue* v. *Meister* (Cal.), 25 Pac., 1096; *Newman* v. *Duane*, 27 Pac. (Cal.), 66.

The question of the construction of the deed in question, and what were boundaries, was a question of law for the court. Where the boundaries were, as shown by measurements, courses, and distances, were questions of fact for the jury. Whether the defendant was entitled to an injunction restraining plaintiff from setting up or making claim to and occupying the premises, was an equitable issue, the granting of which would depend upon the facts. After determining the equitable issue the court should have submitted the case to the jury upon proper instructions.

We are of the opinion that the court should have submitted the facts to the jury, and in failing to do so, erred.

The cause is reversed and remanded with directions to set aside the judgment and to grant a new trial.

BARTCH, C. J., and BASKIN, J., concur.