City of Huron v. Meyers.

1. Where the treasurer of a city has paid interest coupons in good faith, and turned them over to the city, which still retains them, he is en-

titled to be credited for the amount so paid in an action by the city against him to recover money alleged to have been collected by him as treasurer and not paid over.

2. In an action by a city against its treasurer to recover money alleged to have been collected by him and not paid over, defendant alleged in his answer that while treasurer he paid out on warrants, and turned over to his successor, a certain amount; that he paid and delivered to plaintiff 11 interest coupons of a certain amount, which plaintiff received, and still retains; that he has fully paid plaintiff all demands of every kind; and that there is now due him from plaintiff, over and above all legal claims of plaintiff, a certain sum, being for amounts overpaid to plaintiff, for salaries, etc., and prayed judgment for such amount. *Held,* that the answer amounted to a counterclaim, notwithstanding it was not so designated, and hence was admitted by plaintiff's failure to reply thereto.

(Opinion filed August 29, 1900.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Action by the city of Huron against H. Ray Meyers. From a judgment for plaintiff, defendant appeals. Reversed.

The facts are stated in the opinion.

*John Wood,* for appellant.

Coupons are written contracts for the payment of a definite sum of money on a given day. Aurora v. West, 7 Wall. 82; Cromwell v. Sac Co. 94 U. S. 362; 4 Am. & Eng. Ency. 432, Law. The holder of such a coupon is entitled to be paid the amount it calls for at its maturity by the treasurer on presentment. Murray v. Lardner, 2 Wall. 110; 5th Ward Sav. Bk. v. Bank, 7 Atl. 318; Hotchkiss v. Bank, 21 Wall. 354; Hamilton v. Vaught, 34 N. J. L. 187; 5 Am. Rep. 5882; Everston v. Bank, 66 N. Y. 14; Chompert v. Ins. Co. 10 La. Ann. 754.

A judgment is bad if it decides only a part of that which is in issue. Patterson v. U. S. 2 Wheat, 222; Holt v. Van Epps,

1 Dak. 199; Dale v. Burleigh, 1 Dak. 218; Quick v. Brenner, 101 Ind. 230; Gray v. Taylor, 2 Ind. App. 155.

*A, W. Burtt* for respondent

A counterclaim must contain all the substantial averments necessary to a complaint. McKinney v. Sundback, 3 S. D. 106; 52 N. W. 322.

The findings of the court will not be disturbed when there is any evidence to support them. Evenson v. Webster, 5 S. D. 266; Randall v. Burke, 4 S. D. 337; Felldman v. Trumbower, 7 S. D. 408; Jasper v. Hazen, 4 N. D. 1.

CORSON, J. This is an action on the part of the city to recover of the defendant, H. Ray Meyers, the sum of $367.14, alleged to have been collected by him as treasurer of said city, and not paid over to the city. The defendant admits that the plaintiff is a municipal corporation; that on or about October 3, 1895, he was appointed treasurer of said city; admits that he received, while such treasurer, the total sum of $13,086.50; alleges that while such treasurer he paid out on warrants duly and legally issued, and turned over to his successor, sums amounting to $12,981.05, and that he paid and delivered to the city 11 negotiable coupons for $17.50 each, amounting to $192.50, which said 11 coupons the plaintiff received from the defendant, and still retains,—making the total amount paid out, $13,173.55. Defendant further alleges that he has fully and completely paid said plaintiff all claims and demands of every kind and nature which said plaintiff had or claims to have had against the defendant, and denies each and every allegation of the complaint not specifically admitted. Defendant further alleges that there is now due and owing him from

the plaintiff,over and above all legal claims and demands of the plaintiff, the sum of $100.55 for amounts overpaid to the city, salary, etc., which said sum remains wholly unpaid; and he prays judgment that the plaintiff's complaint and the action be dismissed, and that he have judgment against the· plaintiff for the sum of $100.55, and his costs and disbursements in the action.    To this answer the plaintiff made no reply.    The case was tried by the court without a jury, and it found the following facts, among others:    That the defendant, as treasurer, received the sum of $13,086.50 of moneys belonging to the city; that he paid out as treasurer the sum of $12,981.05; that he was entitled to a credit of $13.50 for salary; that he was, therefore, indebted to the city in the sum of $91.95, for which judgment was accordingly entered.    At the close of the evidence the defendant moved the court that judgment be entered in his favor for the sum of $100.55, which the court denied. A motion for a new trial was made and denied, and the defendant appealed.

It will be noticed that the amount found to have been paid out by the defendant as treasurer was the sum of $12,981.05.    By adding to this the sum of $13.50 for salary, the court finds a balance due the plaintiff of $91.95.    It is evident from these findings that the court has not given the defendant credit for the 11 interest coupons paid by him, amounting to $192.50. The defendant, having paid these coupons in good faith, and turned them over to the city, which still retains them, is clearly entitled to be reimbursed for the amount so paid by him. He would, therefore, be entitled to credit for that amount, in addition to the sum of $12,981.05 and the $13.50 salary, for which he received credit.    But, in addition to this, the defend-

ant had alleged that there was due him the sum of $100.55, and demanded judgment in his answer for the sum. No reply was made to the answer, and the appellant contends that this was pleaded as a counterclaim, and intended as such, and, no reply being made thereto, the counterclaim is admitted. It is apparent from the manner in which this claim is pleaded and the demand for judgment that it is to be regarded as a counterclaim, notwithstanding that it is not so designated in the answer. In Bates v. Rosekrans, 37 N. Y. 409, the court of appeals of that state uses the following language: "No particular form of words is necessary to make a pleading a counterclaim; and if the party had in any reasonable language, intimated that he intended to make a personal claim in his own favor against the plaintiff, it would have been sufficient. The ordinary and most satisfactory form of giving the intimation is by a statement that the pleading is a counterclaim, or by a prayer for relief." Springer v. Dwyer, 50 N. Y. 19; Seiberling v. Mortinson, 10 S. D. 644, 75 N. W. 202. Undoubtedly it is better practice, when a defendant intends to rely upon a counterclaim, to designate it as such in the pleading; but this is not indispensable. If the facts pleaded and the prayer of the answer show that it was the intention of the pleader to set up a counterclaim, and the facts are sufficient to constitute such counterclaim, then it will be so treated by the court, regardless of the fact that it is not designated as a counterclaim in the pleading. We are of the opinion that the facts alleged on the part of the defendant constituted in fact a counterclaim, and were admitted by the failure of the plaintiff to deny the same. But, in the view we take of the case, this was not very material, as the appellant was clearly entitled to credit for the amount paid by him on the in-

terest coupons, $192.50. Had the court given him credit for this amount, he would have been entitled to judgment for the amount prayed for, viz. $100.55.

It is contended on the part of the respondent that it was shown that this $192.50 paid out upon these 11 coupons was included in two city warrants drawn on the treasurer, and paid by him; but it is quite clear from the findings of the court that the court did not credit the defendant with the amount of these coupons, and the evidence tending to show that they were included in the warrants is too vague and unsatisfactory to be entitled to any consideration. In any view of the case, therefore, the appellant is entitled to a judgment for the amount claimed by him, $100.55. The court, therefore, in entering a judgment against the appellant for $91.95, committed an error for which the judgment of the court below must be reversed. The judgment of the court below is reversed, and a new trial granted.