Susan E. Walsh vs. Henry A. Brown.

Suffolk. November 15, 1906. — February 28, 1907.

Present: Knowlton, C. J., Hammond, Loring, Braley, & Sheldon, JJ.

*Trespass. Officer. Attachment. Bond. Waiver.*

If an officer in the service of a writ authorizing him to attach the goods and estate of a certain person enters a lunch room owned and maintained by that person and kept open night and day, and, after making an attachment of goods found therein and putting a keeper in charge, proceeds to put a lock and staple on the door and, for a period of eighteen hours, to exclude the proprietor whose goods he has attached and his servants and also customers wishing to enter, such acts of exclusion are in excess of his authority and make him a trespasser *ab initio*.

If an officer authorized to make an attachment after making the attachment exceeds his authority and thereby becomes a trespasser *ab initio*, the person whose goods he has attached does not waive the trespass by giving a bond to dissolve the attachment, and after doing so still has a right of action against the officer.

*Semble*, that a bond to pay a judgment, given under R. L. c. 167, § 116, to dissolve an attachment, is valid and binding even if the attachment was not effective.

Tort for unlawfully entering the plaintiff's lunch room in a store numbered 374 on Hanover Street in Boston, seizing and taking possession of that place of business of the plaintiff and preventing the plaintiff from conducting business there for about eighteen hours, with a second count for the conversion of certain goods of the plaintiff. Writ in the Municipal Court of the City of Boston dated June 8, 1903.

On appeal to the Superior Court the case was tried before *Wait*, J. It appeared that the defendant was a constable in the city of Boston, and that on May 22, 1903, he attached one of the stores of the plaintiff on Hanover Street in Boston, in which she was conducting a lunch room, " run night and day," on a writ issuing from the Municipal Court of the City of Boston in favor of one Cornelius Mahoney, and put a keeper in possession thereof for about eighteen hours, when the plaintiff gave a bond to dissolve the attachment, and the defendant and the keeper withdrew.

It further appeared that the defendant while in possession took cash from customers who had purchased food, and also at the time of the attachment removed part of the money from the cash register, ordered the husband of the plaintiff and her em-

ployees out of the store in the evening, and put a lock and staple on the door leaving the keeper therein during the night.

The plaintiff contended that the writ under which the attachment was made was returned to court on June 4, 1903, although returnable on May 30, 1903. The defendant testified that he returned the writ to the court on May 29, 1903; the writ, however, never was entered in the court, but was placed among the non-entries.

The plaintiff asked the judge to make the following rulings:

1. The writ in Mahoney v. Walsh not having been entered in court, the writ is no justification for any acts done in consequence of that writ.

2. That as the writ in Mahoney v. Walsh was not returned to court on the return day mentioned therein, or on the Monday following, nothing done under it justifies the acts of the defendant in the premises of the plaintiff.

3. The defendant, although having in his possession a writ, which might justify his acts in attaching the goods and chattels of the plaintiff, by putting on a lock and driving a staple in the door, and denying the plaintiff possession, exceeded his authority, therefore the writ is no justification.

4. The acts of the defendant in interfering, ejecting and preventing the customers of the plaintiff from entering the premises made the defendant a trespasser therein.

The judge ordered a verdict for the defendant, stating that he did so in order that the questions of law involved might be presented to this court. The plaintiff alleged exceptions.

*E. B. Callender & E. M. Shanley*, for the plaintiff, submitted a brief.

*J. L. Sheehan*, (*J. S. Cannon* with him,) for the defendant.

HAMMOND, J. The defendant, a constable in the city of Boston, received a writ sued out by one Mahoney against Susan E. Walsh, the plaintiff in this action. The writ instructed him to attach the goods and estate of the said Walsh, to the amount of $110. Armed with this document he proceeded to a lunch room owned and kept by her but under the immediate management of her husband, and, as stated in his return, attached "certain goods and chattels . . . placed a keeper over said property and took from cash register $12.93." Neither in his

return nor in the evidence at this trial is there any more specific description of the goods and chattels which were attached. If the officer had stopped there perhaps he would have been justified by his writ taken in connection with the provisions of R. L. c. 167, § 43. But he did not stop there. There was evidence that the store was "run night and day." It appeared that the defendant "ordered the husband of the plaintiff and her employee out of the store in the evening, and put a lock and staple on the door leaving the keeper therein during the night." From some time in the early evening of the day of the attachment until ten or eleven o'clock the next forenoon, he kept the store locked up and prevented all access to it. There was evidence also that before the closing of the store he forcibly prevented customers from coming in. Against the exclusion of the customers, the closing of the store and the exclusion of the husband and servants of the plaintiff, the plaintiff, through her husband, protested, but finally yielded.

It is plain that in these various acts of exclusion and in the locking up of the store the defendant went beyond the authority of his writ and of the statute above named; and no citation of authorities is needed in support of the proposition that such a public officer exceeding his authority becomes a trespasser *ab initio*.* The third and fourth requests should have been given. The trespass was not waived by the subsequent giving of a bond to dissolve the attachment. The bond is not before us, but we assume it to be the statute bond to pay the judgment, and that it is good whether or not there has been any substantial attachment. The defendant in the writ may have preferred in that way to avoid all further trouble about the possession of her store, but it cannot be held to estop her from a claim for damages as to the past trespasses. There being evidence of a trespass the plaintiff had a right to go to a jury.

Since the exceptions must be sustained upon this ground it is unnecessary now to consider the exception concerning the filing of the writ.

*Exceptions sustained.*

---

* For the other branch of the rule in the *Six Carpenters' Case*, that one who has entered a close under a license from the owner does not become a trespasser *ab initio* by committing unlawful acts after his entry, see *Beers* v. *McGinnis*, 191 Mass. 279; *Feeley* v. *Andrews*, 191 Mass. 313.