ERCANBRACK v. CLARK.

No. 5255. Decided March 12, 1932. (8 P. [2d] 1093.)
Rehearing denied August 12, 1932.

*A. A. Booth,* of Provo, for appellant.

*Christenson & Straw,* of Provo, for respondent.

BRAMEL, District Judge.

The complaint, in substance, alleges that plaintiff (appellant in this court) is and at all times mentioned was the owner in fee and in possession of a parcel of land in Provo, Utah, which parcel is described by plot, block, and metes and bounds; that on or about the 26th day of May, 1930, the defendant entered upon said parcel of land and without leave of the plaintiff broke and tore down a gate erected by and owned by plaintiff and threw the gate upon the

shrubbery of plaintiff on said premises and thereby broke down said shrubbery to the damage of plaintiff in the sum of $100; that said defendant threatens and asserts that he will tear down any gate plaintiff erects on said premises as often as the same is erected and thus deprive plaintiff of the use and enjoyment of said premises. Plaintiff further alleges that unless restrained from so doing defendant will carry out said threats and thereby harass and annoy plaintiff, cause him irreparable damage, and put him to the necessity of bringing a multiplicity of suits.

The prayer of the complaint is for injunction and damages and just and equitable relief. A general demurrer to this complaint was overruled. To this complaint the defendant filed an answer wherein he alleges that he has no knowledge or information concerning plaintiff's allegation of ownership and possession of said parcel of land sufficient to enable him to admit the same, and therefore denies the same. This answer also denies each and every allegation of said complaint that it does not specifically admit. Further answering, defendant alleges that he is owner of a right of way over the land described in plaintiff's complaint for vehicular and foot traffic to and from defendant's adjoining property, and that plaintiff, on or about May 25, 1930, placed said gate across said right of way and obstructed said way; that defendant requested plaintiff to remove said gate and defendant refused so to do, and thereupon defendant removed the same; that said right of way is necessary to the use of defendant's adjoining property and defendant admits that he intends to make use of said right of way. To this answer plaintiff files both a general and special demurrer and a motion to strike, and, upon the overruling of the demurrers and motion, files a reply denying each and every affirmative allegation in said answer other than the admissions and repetitions of the allegations in the complaint. Trial was had, and at the close of plaintiff's evidence defendant's motion for judgment of nonsuit was granted. Plaintiff appeals. At the outset appears the con-

tention of defendant to the effect that his demurrer to the complaint was well founded in that no cause of action is stated, and therefore the ruling of the trial court should be affirmed.

Defendant's objections to the complaint are that manifestly the damage alleged is not great and irreparable, that injunction is not a proper remedy, that there is no allegation that the defendant entered upon the premises unlawfully, and that the allegation that defendant tore ▉ down the gate without leave of the owner is not an allegation that the entry upon the premises was without consent, and therefore no trespass is shown. What is trespass and what is not trespass has been considered many times. From early times it has been generally held by the courts that a wrongful actionable tort committed after a rightful entry upon the premises may relate back and convert the original entry into a trespass ab initio. Especially is this rule applicable in cases where the act indicates intention existing ab initio. Six Carpenter's Cases, 8 Coke 291 (same case in Smith's Leading Cases); 38 Cyc. 998 notes; *Adams* v. *Freeman*, 12 Johns. (N. Y.) 408, 7 Am. Dec. 327; *Markham* v. *Brown*, 8 N. H. 523, 31 Am. Dec. 209; *Patapsco Loan Co. of Baltimore City et al.* v. *Hobbs*, 129 Md. 9, 98 T. 239; *Walsh* v. *Brown*, 194 Mass. 317, 80 N. E. 465, 120 Am. St. Rep. 556. So, also, is it well settled that injunctions will lie to enjoin trespasses or acts which are of such a nature as to threaten frequent recurrence and a multiplicity of suits. *Richey* v. *Bues*, 31 Utah 262, 87 P. 903; 32 Cyc. (trespass) p. 139 and notes; 32 C. J. 556. We are of the opinion that the complaint states a cause of action. Defendant's request for affirmance of judgment on the ground that the complaint states no cause of action is denied.

The principal error assigned by plaintiff and appellant is that the trial court erred in granting defendant's motion for a nonsuit. Plaintiff, at the time he rested his case, had shown that he was owner of the premises in question, the

same being a portion of a town lot 41.25 feet in width and 115.5 feet in length, lying lengthwise east and west and abutting a city street that runs north and south; that the house thereon was occupied by his tenant; that lying alongside his said house on the south was a roadway 12 feet wide running east and west between plaintiff's house and a house south of his premises; that traffic came into said roadway and came upon the rear of plaintiff's premises and turned to the south; that to prevent this annoyance the gate was erected. There was also evidence that defendant chopped down a gate post and removed the gate. A tenant of plaintiff was in possession at that time. Plaintiff's evidence that the gate cost $16 to erect was stricken out on defendant's motion as incompetent. There is also evidence that there is a roadway about 51 feet south of plaintiff's land, concerning which defendant and his brother made a contract to the effect that such road need not be opened so long as the road 51 feet north of the same (meaning the roadway involved herein) could be used.

Defendant's motion for a nonsuit is based upon the following grounds:

1. Failure to prove material elements of the complaint.

2. Failure to prove right of possession and actual possession at time of alleged trespass.

3. Court has no jurisdiction to determine issue as to whether defendant has right of way over said premises.

The first point urged in the motion for a non-suit assumes that an action of this type may not be brought by an owner not actually in possession. The common-law action of trespass quare clausum fregit lay to redress injuries to possession of real property and in no other cases. But in addition to this form of action there were two other forms of action, viz., trespass to redress wrongs inflicted directly and trespass on the cases to redress wrongs that were indirectly inflicted. Maitland Lectures on Forms of Action, Lecture 7 et seq. A casual reading of the pleadings and evidence in

this case will show that the wrong complained of is not solely an injury to a person in possession. The complaint by an owner alleges the destruction by defendant of a structure on plaintiff's land placed there by plaintiff. This is a tort for which the owner may sue the alleged tort-feasor. The courts hold that an owner of land which is leased to a tenant may maintain an action of trespass for damages against a third party who commits an act that injures the property. It is not necessary that the owner be in possession in such cases. *Brown* v. *Bridges,* 31 Iowa 138; *Bright* v. *Bell,* 113 La. 1078, 37 So. 976; *Hersey* v. *Chapin,* 162 Mass. 176, 38 N. E. 442; *Russell* v. *Meyer,* 7 N. D. 335, 75 N. W. 262, 47 L. R. A. 637. Our statutes provide that an action must be brought in the name of the real party in interest (with certain exceptions not pertinent to this case). For injuries to the possession of a tenant a tenant must sue. For injuries to the owner or his property the owner must sue. The person injured by the alleged wrong is the proper party to bring suit. We are of the opinion that the action was brought by a proper party. As to the point that no question of title may be adjudicated in this action, we again revert to what is said above concerning the form of action quare clausum fregit. That was an action limited solely to injuries to possession and the element of ownership was not involved. In this action an injury to the owner is set forth in the complaint. The defendant denies the ownership of plaintiff and alleges ownership of a right of way in himself over the line along which the gate was erected. The case presented is one that cannot be adjudicated without passing upon this issue. Trespass to try title is a common method of trying the question of ownership. Many pages are devoted to this kind of action in the books. *Park* v. *Wilkinson,* 21 Utah 279, 60 P. 945; 38 Cyc. (trespass to try title) p. 1191. We are of the opinion that the motion for a nonsuit should have been denied.

As to plaintiff's demurrer to defendant's answer, we are of the opinion that the general demurrer should be

overruled. As to that part of his special demurrer based upon uncertainty as to the location and bounds of the right of way defendant claims, we are of the opinion that the demurrer should have been sustained. Regardless of whether defendant intends his answer to be a mere defense or makes it as a counterclaim, we hold that the equities of the case are such that plaintiff is entitled to a better description of the alleged right of way in issue than the answer gives him. *Perego* v. *Dodge,* 9 Utah 3, 33, P. 221; *Irrigation Co.* v. *Little,* 14 Utah 42, 46 P. 268; *City of Huron* v. *Meyers,* 13 S. D. 420, 83 N. W. 553; *Schmeling* v. *Hoffman,* 111 Wash. 408, 191 P. 618.

The judgment of the court below is reversed, and a new trial is ordered. Costs to appellant.

STRAUP, ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.

CHERRY, C. J., being absent, did not participate herein.