### RUDOLPH CHETTEVILLE *vs.* SEARS H. GRANT.

Suffolk.　March 13, 1912. — May 23, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DeCOURCY, JJ.

*Landlord and Tenant,* Termination of lease. *Attachment. Trespass. Officer.*

Where a lease provides in substance that, upon a breach of any of its covenants by the lessee, the lessor immediately and without demand or notice may enter upon the premises, dispossess the lessee and terminate the lease, a lessor has a right both to bring an action against the lessee for arrears of rent in which an attachment is made of personal property upon the leased premises, and also to enter upon the premises, dispossess the lessee and terminate the lease while the constable is upon the premises and in charge of personal property of the lessee under the writ of attachment; and the constable, if authorized so to do by the lessor, after the dispossession may prevent the lessee from entering the premises except for the removal of property exempt from attachment.

Under a writ of attachment in an action of contract against the proprietor of a tailoring business conducted in two rooms, each connected with a corridor, one room being used as a workroom by the employees of the establishment and the other for dealing with customers, a constable has no right against the wishes of the defendant to place a lock upon the door leading from the corridor into the workroom and to keep the defendant and his employees from using that door.

TORT against a constable for alleged unlawful acts in attaching property of the plaintiff. Writ in the Municipal Court of the City of Boston dated December 14, 1908.

On appeal to the Superior Court the case was tried before *Fox*, J.

It appeared that at the time of the alleged unlawful acts of the defendant the plaintiff was conducting the business of "ladies tailoring" in two rooms leased to him by one Stone, the lease containing a provision, "that if the lessee or his executors, administrators or assigns do or shall neglect or fail to perform or observe any of the covenants contained in these presents, and on his or their part to be performed or observed . . . the lessor, or his heirs or assigns, lawfully may, immediately, or at any time thereafter, and without demand or notice, enter into and upon the said premises or any part thereof in the name of the whole, and repossess the same as of their former estate, and expel the lessee and those claiming through or under him and remove their effects (forcibly, if necessary) . . . and upon entry as aforesaid this lease shall determine." A rear room was fitted up as a workroom and contained benches, machines and other implements and tools incidental to the plaintiff's business, and a front room was used as a reception and show room for customers. There was an entrance leading from the rear room into the corridor, which was used exclusively by the plaintiff's employees, and an entrance from the corridor into the front room. In the workroom were several garments belonging to customers, on which the plaintiff had no claim for labor or material. The larger part of the furniture in the front room was held by the plaintiff under contracts of conditional sale, but some of the articles, such as pictures and other small articles, belonged to him, as did the tools and implements in the rear room.

The plaintiff becoming in arrears in the payment of rent, Stone brought an action against him and the writ was given to the defendant for attachment and service. The defendant went to the plaintiff's place of business and placed a keeper in charge on December 10, 1908. There was evidence that the defendant at once put a lock on the door of the rear room and prevented the plaintiff and his employees from using that door. On December 12, while the defendant still was in possession of the premises under the writ of attachment, Stone took possession of the premises for breach of covenants in the lease and left the defendant in charge of the premises on his behalf, and thereafter the defendant pre-

vented the plaintiff from using the premises except that he permitted the removal of tools and implements of trade.

Other facts are stated in the opinion.

At the close of the evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*W. Hirsh,* for the plaintiff.

*A. F. Tupper,* for the defendant.

SHELDON, J.  There was no evidence to show what specific property of the plaintiff was attached by the defendant.  Of the goods of the plaintiff in the rooms occupied by him as a place of business, some were and some were not exempt from attachment. There was nothing to indicate that the defendant interfered with any of the former goods, and it cannot be presumed that he did so.

Upon the testimony of both parties it appeared that the plaintiff voluntarily surrendered his keys to the defendant, and assented to the defendant's remaining through his keeper in possession of the attached property upon the plaintiff's premises.  Certainly the plaintiff made no request for the removal of the keeper or of the property attached under R. L. c. 167, §§ 43, 44.

So far as appears the entry of Stone, the plaintiff's landlord, to take possession of the premises for non-payment of rent was lawful.  *Fifty Associates* v. *Howland,* 5 Cush. 214.  *Hall* v. *Middleby,* 197 Mass. 485, 489.  *Gunsenhiser* v. *Binder,* 206 Mass. 434.  There is nothing contrary to this in *Desseau* v. *Holmes,* 187 Mass. 486, or *Fifty Associates* v. *Howland,* 11 Met. 99, relied on by the plaintiff.  The defendant did nothing unlawful or in violation of the plaintiff's rights in regard to this.

The action cannot be maintained on any of these grounds.

But there was evidence that the defendant put a lock on the rear door of the plaintiff's rooms and prevented the plaintiff and his servants from using that door.  If, as might have been found, this was without the plaintiff's assent, it was a wrongful act and entitled the plaintiff to maintain his action.  *Walsh* v. *Brown,* 194 Mass. 317.  *Morrin* v. *Manning,* 205 Mass. 205.  It follows that the verdict for the defendant ought not to have been directed, and for this reason alone the order must be

*Exceptions sustained.*