THE AALFO COMPANY, INCORPORATED, APPELLANT, v. PERRY D. KINNEY ET AL., RESPONDENTS.

Argued October 26, 1928—Decided February 4, 1929.

For the appellant, *Joseph Zemel.*

For the respondents, *Herrigel, Lindabury & Herrigel.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff's action is based upon the following alleged facts set up in the complaint. On the 3d day of April, 1925, plaintiff entered into a five-year contract with the Blake Manufacturing Company, which was engaged in the manufacture of automobile whistles, whereby the latter agreed to sell its entire output to the plaintiff, and the plaintiff agreed to purchase the same at a price specified in the contract; this price, however, being subject to change if, for any unforseen reason, the cost of materials and labor should increase to such an extent that the whistles could not be manufactured profitably by the Blake company. After setting out this contract, plaintiff then alleges that the defendants, who were stockholders of the Blake company, in order to prevent the further performance of the contract by that company, maliciously and unlawfully took possession of its plant, and thereafter put a stop to the further sale of whistles to the plaintiff. A further averment in the complaint is that the defendants, in order to make their unlawful scheme more completely effective, induced another stockholder of the Blake company to institute proceedings against it in the Court of Chancery for the purpose of having it wound up and its assets distributed, with the result that an order was made restraining the company from further carrying on its business and appointing a receiver who, at the direction of the court, sold the machinery, tools, merchandise, &c., of the Blake company,

thus making it impossible for that company to further perform its contract with the plaintiff. The plaintiff then avers that, by the putting into effect of this unlawful scheme, it has suffered a substantial loss, because of the fact that it was selling these whistles as they were furnished to it at a considerable profit, and claims compensation for such loss. The pith of the answer of the defendants is a denial of the facts first herein set out; and a further denial that the purpose of their act in causing the institution of the suit in chancery was to unlawfully prevent the Blake concern from performing its contract, thus injuring the plaintiff.

The case having in due course come on to be tried, and the facts set up in the complaint having been recited and elaborated upon in the opening of counsel for the plaintiff, the trial court directed a nonsuit on that opening, upon the ground that the contract between the two corporations was unenforceable by reason of its uncertainty as to the price which would be paid for the materials to be furnished, and, further, because the Blake company was under no obligation to manufacture any whistles whatever, but only to sell to the plaintiff such whistles (if any) as it should manufacture; and that, consequently, the action of the defendants, even if it resulted in loss to the plaintiff, did not furnish a basis for the suit.

In our opinion, the direction of a nonsuit cannot be justified upon the ground stated by the trial court as the basis of its action. The mere fact that a contract is unenforceable between the parties affords no justification for the act of a third person, who, for his own purposes, takes steps which prevent its performance by one of the parties to it, who, although not bound to execute it, is willing and anxious to do so. Assuming that the contract now before us was unenforceable against the Blake company for the reasons stated by the trial court, that fact did not constitute a bar to its performance by the company. The further performance of the contract, if the question of the wisdom thereof was raised, was a matter to be determined by its board of directors, the representatives of the stockholders, and which presumably would take such action in relation thereto as would best protect the parties that they represented. The act of third parties, even though stock-

holders, in maliciously and wihout legal justification prevent-
ing the performance of the contract, although both the parties
thereto desire to execute it, renders such third persons liable
in damages to either of the contracting parties that suffers
injury as the direct result of such act.

In opening his case to the jury, counsel for the plaintiff
stated that, in support of the allegation in the complaint that
the defendants unlawfully took possession of the plant of the
Blake company in order to put a stop to the further perform-
ance by it of the contract, he would prove that, for the purpose
of preventing the further production of whistles by the Blake
company, they employed men who, by their orders, broke into
its factory and carried away machines, dies and tools used in
the manufacture of its product. There was no suggestion,
either by the court or by counsel for the defendants, that such
evidence was not competent for the reason that it did not tend
to support the claim that the defendants unlawfully took pos-
session of the *plant* of the Blake company. In determining
the merits of this appeal, therefore, we assume that the evi-
dence was competent and material for the purpose for which
it was to be offered; and would have presented a question the
solution of which was for the jury and not for the court, if
the alleged motive which induced it was also proved. Conse-
quently, the direction of the nonsuit cannot be justified upon
the theory that the proofs intended to be offered by the
plaintiff entirely failed to support the cause of action set out
in the complaint.

For the reasons indicated, the judgment of nonsuit was
erroneously directed.

As the case must be remitted to the Circuit Court, to be
there retried, we deem it advisable to point out that so much
of the complaint as is rested upon the alleged illegal act of
the defendants in persuading one of their fellow stockholders
in the Blake company to institute proceedings in the Court of
Chancery, which resulted in the winding up of the corporation
and the distribution of its assets, discloses no cause of action.
That the condition of the company was such as to justify the
institution of the suit in chancery is conclusively determined,
so far as the present litigation is concerned, by the subsequent

action of the Court of Chancery and its decree in that suit. This being so, the motive of the defendants in persuading a fellow stockholder to institute the suit is immaterial, for they only persuaded him to do what they would have had a legal right to do themselves. As is stated by Chief Justice Beasley in *Davis* v. *Flagg*, 35 *N. J. Eq.* 494, "The legal pursuit of one's rights, no matter what may be the motive of the promoter of the action, cannot be deemed either illegal or inequitable. * * * The abstract precepts of the moral code, disconnected from property and the rights of persons, are neither enforced nor noticed by courts of law or by courts of equity. The rule that a legal or equitable right is not enforceable, if the motive leading to the acquisition and enforcement of such right has been immoral or otherwise censurable, would seem quite at variance with some of the most primary principles of our system of jurisprudence."

The judgment under review will be reversed, and a *venire de novo* directed.

*For affirmance*—THE CHANCELLOR, KALISCH, J. 2.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, JJ. 9.