GEORGE BOURISK *vs.* DERRY LUMBER COMPANY.

Androscoggin.      Opinion October 13, 1931.

*Harris M. Isaacson*, for plaintiff.
*Albert Beliveau*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

PATTANGALL, C. J. On Motion. Action on the case for abuse of process. Verdict for plaintiff. Damages assessed at nine hundred twenty-nine dollars ($929). Defense raises two issues — verdict against evidence, and damages excessive.

Plaintiff conducted a combined confectionary store and restaurant on leased premises, owning stock and fixtures subject to two mortgages aggregating approximately four thousand dollars. His equity in the property was estimated by him to be worth thirty-five hundred dollars.

He was indebted to defendant in the sum of three hundred four dollars and twenty-four cents ($304.24), and defendant brought suit against him for that amount. In pursuance of defendant's instructions and against plaintiff's protest, the officer charged with the duty of attaching sufficient property to satisfy the demand placed a lock on the outer door of the store, excluding plaintiff therefrom for four days, during which time the officer exercised complete control over the premises.

There were perishable goods in stock and plaintiff claims to have suffered a loss of $262.15 by their deterioration during the period that he was prevented from entering the store. Apparently the jury added punitive damages to the amount of actual damage found by them.

In order to maintain an action for abuse of process, it is necessary to prove (1) the existence of an ulterior motive, and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge. The first may be inferred from the second. *Lambert* v. *Breton*, 127 Me., 510.

The definite act which is the subject of complaint is the locking up of plaintiff's place of business, assuming control thereof and

378

excluding plaintiff therefrom. This action on the part of the officer was unwarranted. *Lambert* v. *Breton*, supra; *Williams* v. *Powell*, 101 Mass., 467; *Walsh* v. *Brown*, 194 Mass., 317; *Morrin* v. *Manning*, 205 Mass., 205; *Chetteville* v. *Grant*, 212 Mass., 17.

By his unlawful act, he became a trespasser. *Davis* v. *Stone*, 120 Mass., 228; *Cutter* v. *Howe*, 122 Mass., 541. Acting as he did under express direction of defendant's attorney, defendant is liable for damages caused by him, and actual damage having been proved, the jury were justified in adding punitive damages. "Acts wilfully and designedly done which are unlawful are malicious in respect to those to whom they are injurious." *Page* v. *Cushing*, 38 Me., 526.

We can not say that the amount awarded is manifestly excessive.

*Motion overruled.*