Benjamin G. Robinson, petitioner,

*v.*

Clara Kulton Robinson, defendant.

[Decided July 15th, 1932.]

*Mr. Harvey T. Satterthwaite,* for the appellant.

*Mr. George A. Cella,* for the respondent.

Dawes, A. M.

This petition was filed by the husband against his wife for adultery with one Alfred Denito.

The facts are briefly this:

In the month of August, 1929, the defendant asked the petitioner for funds for a two-day vacation to her sister in New York and she went on a Thursday ostensibly to visit her sister. On the same day the defendant left on her vacation to go to her sister's, that sister unexpectedly arrived in Trenton and upon defendant's return from New York she was confronted with the falsity of her statement that she had

visited her sister. She then stated that she stayed with a friend in that city and petitioner conferred with Aroniss, the brother-in-law, who was the husband of his wife's sister, and on the following Monday after the New York trip this brother-in-law and his wife met at the petitioner's home with the defendant and Denito. There the defendant boldly stated that she had been with the co-respondent at the Hotel Martinique in New York City and was in love with him and wanted to elope, and the co-respondent, Denito, also stated at that meeting that he could not live without the defendant. However, after the discussion and the good offices of Aroniss and his wife the defendant then promised her husband that she would give up Denito and "everything seemed patched up."

The evidence, however, reveals that the defendant and co-respondent were after their promises in each other's society taking automobile rides late at night, dining late in a restaurant, all of which actions on the part of the defendant were violative of her promise to discontinue going with Denito.

The crux of the case, however, is largely the New York visit and the Martinique affair consists largely of the defendant's admissions. On the night preceding the New York visit she was seen embracing the co-respondent in the hallway of her home.

At the hearing the defendant told an obviously fabricated story of taking a steamer for Portland, Maine, when she found out her sister was not at home in New York. The testimony of the co-respondent shed no light but rather darkness upon his conduct. He testified that he could not remember whether he was present at the conference above mentioned when the matter of his being in New York was under discussion. He could not remember whether Mr. Robinson, with a revolver in his hand, threatened to shoot. When asked: "Do you say that that occurrence did not take place?" he answered, "I do not recall."

The evidence of the co-respondent's wife was that she found in the traveling bag of the co-respondent on his return from New York on the occasion of Mrs. Robinson's visit to New York, a cake of soap marked Hotel Martinique.

The principal testimony came from Aroniss, the brother-in-law, who testified to the admissions of the defendant made at the conference and it seems to me that his testimony must be given credit, for if his testimony were false his wife, a sister of the defendant, was present at the conference and was present at the hearing accompanying the defendant and could have refuted the damaging testimony given by her husband. But she was not called as a witness and I can see no reason for disbelieving the Aroniss testimony.

Condonation was urged and the defendant testified that marital relations continued with the petitioner for several months after the conference. The petitioner denies that such was the fact but it seems to me that the testimony in this case shows such a degree of intimacy between the defendant and the co-respondent continued down to the filing petition which violated the condition upon which condonation was predicated.

I therefore find the defendant guilty and that the defense of condonation has not been sustained. Denito, the co-respondent, made himself a party defendant in these proceedings and he should be held responsible for the costs and expenses of these proceedings under the case of *Duke* v. *Duke,* *70 N. J. Eq. 135, 149; 62 Atl. Rep. 466,* and *72 N. J. Eq. 155; 73 Atl. Rep. 837.*

I shall advise a decree in accordance with these findings.