SOUTH BROAD BUILDING AND LOAN ASSOCIATION, APPELLANT, v. THOMAS BRUNETTO ET UX., RESPONDENTS.

Submitted October 27, 1933—Decided January 5, 1934.

For the appellant, *Voight & Otto.*

For the respondents, *Edwin G. Adams.*

The opinion of the court was delivered by

PARKER, J. As will be seen in the *per curiam* filed in the Supreme Court, the suit was for deficiency arising on a foreclosure sale; the Circuit Court struck out the complaint because it did not aver that a notice of the action had been filed previously to the issue of summons. *Pamph. L.* 1907, p. 563; reprinted in 3 *Comp. Stat., p.* 3423; see *Mutual Savings Fund* v. *Gunne,* 110 *N. J. L.* 41. Plaintiff claimed that such notice had in fact been filed, and asked leave to amend by adding an averment of the filing, which the court refused, as the statute of limitations had then run. The Supreme Court sustained the Circuit Court in both aspects, relying on *Shack* v. *Dickenhorst,* 99 *Id.* 120; *State* v. *Jersey City,* 94 *Id.* 431, and *Fletcher* v. *Board,* 85 *Id.* 1.

It is elementary, of course, that a complaint must state a legal cause of action; and when that cause of action is

created by, or arises out of a statute, compliance with the conditions which the statute says will give rise to such cause of action should properly be averred in the complaint. Thus, in Shack *v.* Dickenhorst there was an attempt to recover back money deposited on a wager. The statute created the right of action and limited it as to time; and this court held, in analogy to cases arising under the Death act, that the conditions under which the right of action existed and persisted must be met by suitable averments in the complaint. See, also, *Sawin* v. *Eisele,* 99 *N. J. L.* 117. So in *State* v. *Jersey City, supra,* the question was simply one of pleading a conclusion of law; and in Fletcher *v.* Board, one of failure to show power in a municipal corporation to make the contract involved in the case. But the cause of action now before us is not one created by any statute. It is a suit on a bond for payment of money. At common law it could be pursued simultaneously with a foreclosure of the mortgage. *Baldwin* v. *Flagg,* 43 *Id.* 495. The statutes of 1880 and 1881 (*Comp. Stat., p.* 3420, *et seq.*), so far from creating any right of action, limited the common law rights as to subsequent bonds accompanied by mortgages, and in 1907 came the supplement, providing that "no judgment shall be entered" unless prior to beginning the suit a notice is filed, stating certain particulars.

Now if this statute were a curtailment of the right of action, it would likewise be unconstitutional as to obligations created before its enactment; but this court, in *Pennsylvania Co.* v. *Marcus,* 89 *N. J. L.* 633, held it not unconstitutional, but merely regulatory of a method of procedure. "All that the act of 1907 does" says the late Mr. Justice Bergen (at *p.* 638), "is to introduce a new method of procedure requiring the filing of what is said in *Neu* v. *Rogge,* 88 *Id.* 335, to be a [notice of] *lis pendens."* Hence it does not even go so far as the statute of frauds, section 5, which provides that "no action shall be brought" on certain kinds of contracts, unless the agreement or a memorandum thereof is in writing and signed, &c. It is elementary law that in a suit on such a contract, the complaint need not aver the writing, but the

defendant must plead the statute. *Browne Stat. Frauds,* § 505, *et seq.; Whitehead* v. *Burgess,* 61 *N. J. L.* 75; *Wilkinson Gaddis Co.* v. *Van Riper,* 63 *Id.* 394. So where, as here, the statute undertakes to impose a merely procedural condition upon a common law right of action, the question, if any, is whether the plaintiff has failed to comply with the condition and not whether he has pleaded such compliance; and it is for the defendant to set up non-compliance in defense.

It was therefore error to strike out the complaint, which needed no amendment. Let the judgment be reversed to the end that an issue be framed and tried.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Trenchard, Parker, Lloyd, Case, Heher, Perskie, Van Buskirk, Kays, Hetfield, Dear, Wells, Dill, JJ. 14.