ROBERT F. ASH, PLAINTIFF-APPELLANT, v. PETER COHN AND A. LEON KOHLREITER, INDIVIDUALLY AND/OR AS PARTNERS DOING BUSINESS AS COHN & KOHLREITER; EDWARD BROWN AND TOM MORRIS, TRADING AS B. & M. GARAGE; GOODMAN SINGER AND GEORGE A. RYAN, DEFENDANTS-RESPONDENTS.

Argued May 20, 1937—Decided September 22, 1937.

For the appellant, *Joseph T. Lieblich.*

For the respondents, *Archibald Krieger.*

The opinion of the court was delivered by

PERSKIE, J. Does the amended complaint set forth a legal cause of action? The learned trial judge concluded that it did not and accordingly entered a judgment of nonsuit in favor of all defendants. Hence plaintiff appeals.

In light of the disposition thus made of the complaint, an analysis thereof is necessary. The complaint sounds in tort; it contains two counts. Plaintiff's theory of defendants' liability under the first count is that the latter had maliciously abused the process of the court; and his theory of the second count is that defendants were guilty of unlawful conspiracy.

In support of these theories the allegations of the complaint, stripped of all technique, disclose substantially the following situation. The instant suit is the outgrowth of a former suit which Brown and Morris, trading as B. & M. Garage, by their attorneys, Cohn and Kohlreiter, had instituted against Robert F. Ash, in the First District Court of the city of Paterson, New Jersey, on a charge of malicious prosecution. That suit resulted in a judgment of $500 in favor of the plaintiffs. Defendant appealed. Abram Hoffman and he executed the appeal bond. Defendant apparently failed diligently to prosecute his appeal. Thereupon, plaintiffs did not sue upon the appeal bond but, it is alleged, in order to lay a foundation for the issuance of a body execution, caused execution to be issued, and maliciously directed Ryan, who is the sergeant-at-arms of the District Court wherein

the judgment had been recovered, to return the execution unsatisfied. This Ryan did, notwithstanding that plaintiffs, their attorneys, and he allegedly knew that defendant was a freeholder, and the owner of goods and chattels of the value of which was in excess of the amount of the judgment recovered against him. Thereafter, it is further alleged, plaintiffs' attorneys prepared a false affidavit reciting, among other things, that defendant was not a freeholder, and caused Goodman Singer, a law clerk in their offices, who was aware of its falsity, to execute that affidavit; that the planned objective was, by means of the execution against the body of the defendant, swiftly to enforce the satisfaction of the execution, which they had caused to be returned unsatisfied, without recourse to the regular procedure of either making a levy upon and sale of defendant's goods and chattels, or without suing upon the appeal bond. The complaint proceeds to aver that in furtherance of that conspired plan the false affidavit was presented to the District Court judge and that the latter, relying upon the truthfulness of the facts contained therein, ordered the issuance of a second execution commanding satisfaction of the judgment and, for want of sufficient goods and chattels, the taking of the body of defendant, and that in the presence of plaintiffs' attorneys, in disobedience of and in direct defiance to commands of the order requiring a levy upon and unsuccessful sale of defendant's goods and chattels prior to the seizure and incarceration of defendant's body, and allegedly with full knowledge of the planned wickedness, Ryan caused defendant's arrest and removal to the county jail where he remained for twenty-four hours; that such arrest and incarceration were on a Saturday when all who participated in the scheme well knew that the District Court judge was out of the city spending the week-end at some New Jersey seashore resort and thus unavailable to authorize defendant's release. We were told on the argument of this cause that plaintiffs' scheme worked. Satisfaction of the execution was thus coercively effected. Defendant in the District Court suit then instituted this suit against plaintiffs in the district court suit (Brown and Morris, trading as B. & M.

Garage, their attorneys Cohn & Kohlreiter, the law clerk of the latter, Goodman Singer, and the sergeant-at-arms of the District Court, John A. Ryan, for having maliciously abused the process of the court and for having unlawfully conspired to deprive him of his liberty.

As already observed, the trial judge concluded that neither count set forth a cause of action. That conclusion was made to rest upon the premise that the allegations of both counts spell out the tort of a malicious use of process rather than that of an abuse of legal process; in other words, that the allegations set out the tort of malicious prosecution, and since there is no allegation in either count of a favorable termination of the proceedings, *i. e.*, that the body execution had not been set aside by a justice of the Supreme Court in the manner provided by section 181 of the District Court act, both counts were fatally defective. It is the propriety of the judgment of nonsuit based on that premise that is now challenged.

*First:* Let it be observed, *in limine,* that we choose to rest the decision of the question presented not upon the premise that the trial judge erroneously concluded that the allegations of the complaint set forth a tort denominated under the common law as the malicious use of process, *i. e.*, malicious prosecution, but rather upon the premise that the trial judge erroneously concluded that the allegations of the complaint did not set forth a tort which, under the common law, is denominated as the abuse of legal process. For, "the facts of a case may at once justify an action for malicious prosecution or for the abuse of process. In other words, an abuse of process may occur in the course of a prosecution which has been malicious and wrongful throughout. The following cases so indicate: *Gonsouland* v. *Rosomano* (1910), 100 *C. C. A.* 97; 176 *Fed. Rep.* 481; *McGann* v. *Allen* (1926), 105 *Conn.* 177; 134 *Atl. Rep.* 810; *Brantley* v. *Rhodes-Haverty Furniture Co.* (1908), 131 *Ga.* 276; 62 *S. E. Rep.* 222; *Dean* v. *Kochendorfer* (1924), 237 *N. Y.* 384; 143 *N. E. Rep.* 229; *Wright* v. *Harris* (1912), 160 *N. C.* 542; 76 *S. E. Rep.* 489." See annotation (action for

abuse of process), 80 *A. L. R.* 580, 581, 582. The two actions are, however, distinguishable. An action for malicious abuse of process is distinguished from an action for malicious use of process in that the action for abuse of process lies for the improper, unwarranted and perverted use of process after it has been issued while that for the malicious use of it lies for causing process to issue maliciously and without reasonable or probable cause. *Grainger* v. *Hill,* 4 *Bing. N. C.* 212. Thus it is said, in substance, that the distinction between malicious use and malicious abuse of process is that the malicious use is the employment of process for its ostensible purpose, although without reasonable or probable cause, whereas the malicious abuse is the employment of a process in a manner not contemplated by law. Another fundamental distinction is that in the case of malicious use it is necessary to allege that the action in which the process was used has terminated favorably to the plaintiff whereas in the case of the malicious abuse no such allegation is necessary. *Saliem* v. *Glovsky* (1924), 132 *Me.* 402; 172 *Atl. Rep.* 4; 50 *C. J.* 612, § 373.

*Second:* Having thus marked the distinction between the two actions, we pass to the consideration and determination of questions as to the allegations necessary to sustain an action for the malicious abuse of process. Concededly, there are basically two elements necessary. The proofs must sustain the charge (1) that defendants made an improper, illegal and perverted use of the process, *i. e.,* a use neither warranted nor authorized by the process, and (2) that in use of such a process there existed an ulterior motive. Proof of the existence of the ulterior motive may be inferred from the improper act, but if the act be a proper one, the motive is immaterial. In the borrowed words of Chief Justice Beasley, writing for this court in *Davis* v. *Flagg,* 35 *N. J. Eq.* 491, 494, "* * * The legal pursuits of one's rights, no matter what may be the motive of the promoter of the action, cannot be deemed either illegal or inequitable. * * *." *Cf. The Aalfo Co.* v. *Kinney,* 105 *N. J. L.* 345, 349; 144 *Atl. Rep.* 715; *Louis Kamm, Inc.,* v. *Flink,* 113 *N. J. L*

582, 585; 175 *Atl. Rep.* 62. And "* * * The test is probably whether the process has been used to accomplish some unlawful end, or to compel defendant to do some collateral thing which he could not legally be compelled to do." *Lambert* v. *Breton,* 127 *Me.* 510; 144 *Atl. Rep.* 864; *Bourisk* v. *Derry Lumber Co.,* 130 *Me.* 376; 156 *Atl. Rep.* 382; 1 *Cooley Torts* (*3d ed.*) 353, 356; *Spear* v. *Pendill,* 164 *Mich.* 620; 130 *N. W. Rep.* 343; 1 *R. C. L.* 103, § 4; *Saliem* v. *Glovsky, supra* (at p. 6).

*Third:* We come then to the application of these principles to the allegations of the complaint. These allegations, if proved, would warrant a jury in finding that defendants unlawfully conspired to, and did in fact, maliciously pervert both writs of execution by returning them unsatisfied contrary to, and in direct defiance of, the command of each requiring a levy upon, and unsuccessful sale of defendant's goods and chattels prior to his arrest and incarceration. The jury would further be warranted in finding, quite aside from the admitted fraud perpetrated upon the court in obtaining the order for a body execution against plaintiff, that defendants further unlawfully conspired and maliciously perverted and abused the second execution by arresting and imprisoning plaintiff at a planned time when they well knew that he could not very well obtain his release and could, therefore, be harrassed and coerced into satisfying the debt.

In fine the jury would be warranted in finding that the defendants' conduct was a high-handed and unlawful means of collecting a debt; that it was not justified by the law: and that it was clearly a malicious abuse of process, and an unlawful conspiracy to deprive him of his liberty.

*Fourth:* It is stoutly argued that Ryan, the sergeant-at-arms, is immune from liability by reason of section 182 of the District Court act. This argument is rested upon the ground that Ryan could not incur any liability for any act done by him pursuant to the commands of the writ prior to the time that he is served with a certified copy of an order by a justice of the Supreme Court setting aside the order directing the arrest of defendant: that since the complaint

fails to allege the service of such order upon him, it is fatally defective. We think that the argument made is not sound. We have held that the allegations of the first count set up a cause of action based upon malicious abuse of process. No allegation of a termination of the cause in favor of the plaintiff was necessary. Moreover the cause of action here does not arise out of a statute; it arises out of common law. Pleading compliance with the statute is not necessary. But even if non-compliance with the statute were a defense, it is for defendant to so set it up. *Cf. South Broad Building and Loan Association* v. *Brunetto,* 112 *N. J. L.* 79, 81; 169 *Atl. Rep.* 870.

*Fifth:* Finally, the argument made that plaintiff here is collaterally attacking the proceedings in the District Court is without substance. Neither the judgment in the District Court nor the process issued in furtherance of that judgment is challenged. The validity thereof is conceded. It is the malicious abuse by defendants of the process issued, their unlawful conspiracy to deprive plaintiff of his liberty, that is challenged.

Judgment is reversed, with costs. The cause is ordered reinstated. It will be remitted to the court below with leave granted to defendants to apply for and with directions to that court to grant appropriate time for the filing of answers so that the cause may be tried upon the merits.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Parker, Lloyd, Case, Bodine, Donges, Heher, Perskie, Dear, Wells, WolfsKeil, Rafferty, Cole, JJ. 14.