ABROMOWITZ v. GROBART et al.

Civ. No. 11928.

United States District Court
D. New Jersey.

July 27, 1949.

Alexander Simpson, Jersey City, N. J., for plaintiff.

Evans, Hand & Evans, by John W. Hand, Paterson, N. J., for defendant Louis Grobart.

Peter Bentley, Jersey City, N. J., for defendants Samuel Grobart, Meyer Grobart, Rose Rowitz and Yetta Teitelbaum. John A. Hartpence, Jersey City, N. J., of counsel.

FAKE, Chief Judge.

The issues here arise on motions to dismiss the complaint for failure to state a claim upon which relief can be granted.

It appears from the complaint, and the record properly before the Court, that one

Louis Grobart instituted a suit for divorce against his wife, Bessie Grobart, in Chancery of New Jersey, charging her with adultery and naming the plaintiff herein, Abraham Abromowitz, as the co-respondent. The wife filed a counterclaim in the suit charging her husband with constructive desertion. At the trial, in the State Court, the husband failed to prove the alleged adultery and his case was dismissed in December, 1946. Later a trial was had on the counterclaim and the wife was granted a divorce on the grounds alleged in her counterclaim. A final decree was entered in her favor on July 1, 1948.

The complaint in the instant case alleges diversity of citizenship. It charges that the defendants herein conspired together falsely to accuse the plaintiff of the crime of adultery, and to cause the institution of the divorce suit above mentioned. It further alleges that the charge of adultery was made by defendants without reasonable and probable cause, and by reason thereof plaintiff was put to great expense in defending himself in the divorce suit and has suffered great injury to his business and reputation by reason of the alleged false charges. For all of which he seeks damages in the sum of $100,000.

At the hearing on the motions to strike, counsel for plaintiff stated that the action above outlined is not an action for either libel or slander. If it is, it is outlawed by a one year statute of limitations, N.J.S.A. 2:24-3. He stated at one point that he conceived it to be an action for malicious prosecution and later took the position that it is just what it may spell out to be. This confronts the court with the problem of naming it if possible. It cannot fall into the category of an action for damages for champerty or maintenance as at common law since no such action survives in New Jersey, see Schomp v. Schenck, 40 N.J. L. 195 at page 201 et seq., 29 Am.Rep. 219, nor can it fall into the sphere of malicious use or abuse of process, see Ash v. Cohn, et al., 119 N.J.L. 54, 194 A. 174. The issuance or use of process is not dealt with specifically in the complaint, and such process as does appear in the divorce suit entailed no arrest of the plaintiff. This leaves the subject of malicious prosecution for consideration and here again that action is not sufficiently pleaded. The action for divorce, as to which maliciousness is pleaded, is a civil proceeding having its origin in the ecclesiastical law and no arrest of plaintiff is alleged, nor does it appear that plaintiff was a party to the divorce suit. The Divorce Act of New Jersey expressly provides that one who is named as a co-respondent shall become a party to the suit "upon his or her due application to the court," see N.J.S.A. 2:50-16. When a co-respondent thus intervenes he may be made liable for costs in the event that he fails to clear himself, or if he succeeds he may have judgment for costs, Duke v. Duke, 72 N.J.Eq. 941, 73 A. 840, and Robinson v. Robinson, 178 A. 180, 13 N.J.Misc. 201. The complaint here fails to allege that plaintiff was thus made a party to the divorce suit. Hence it cannot be said that he was damaged by reason of a suit instituted not against him but against a third party, wherein he appeared in the role of a witness.

As early as the year 1816 the law as to damages for malicious prosecution was fixed and remains substantially the same today. In Potts v. Imlay, 4 N.J.L. 330 at page 333, 7 Am.Dec. 603, the New Jersey Supreme Court said as to such damages, "It must be attended, besides ordinary expenses, with other special grievance or damage not necessarily incident to a defence, but superadded to it by malice and contrivance of the plaintiff; and of these an arrest seems to be the only one spoken of in our books." The last New Jersey decision on this point refers to the case above quoted, Potts v. Imlay, supra, and says: "It is the fact that elsewhere in the courts of other states that are entitled to great respect the rule is otherwise. But our cases have not departed from the rule just stated." Schneider v. Mueller, 1944, 132 N.J.L. 163, 39 A.2d 132, 134.

An opportunity was afforded plaintiff to amend his complaint during the hearing on the motion, but counsel elected to stand on the complaint as filed. The motion to dismiss is therefore granted.