John P. GOUCHER

v.

James H. DINEEN.

Supreme Judicial Court of Maine.

Argued Jan. 17, 1984.

Decided Feb. 15, 1984.

Andrews B. Campbell (orally), Portland, for plaintiff.

J. Armand Gendron (orally), Sanford, for defendant.

Before ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Defendant James H. Dineen appeals from a judgment entered in favor of plaintiff John P. Goucher by the Superior Court (York County) as a result of a jury trial. Plaintiff's complaint included claims of abuse of process and gross negligence and sought recovery for damages resulting from defendant's attachment of plaintiff's property. Defendant argues on appeal that the jury verdict cannot stand because the writ of attachment which he issued against plaintiff's property was legal. Alternatively defendant argues that the award of compensatory and punitive damages is unsupported by the evidence. We find sufficient evidence to support the verdict and the award of damages and we deny the appeal.

The present case arises from a divorce action in which defendant, an attorney, represented plaintiff's estranged wife and prosecuted an action against plaintiff. On December 19, 1978 the Superior Court entered a divorce judgment in favor of the wife, awarding her alimony and a lump sum payment of $15,000.00. Prior to the divorce judgment becoming final, defendant completed and signed a writ of attachment and delivered it to a deputy sheriff with instructions to attach $15,000.00 worth of plaintiff's property. The writ stated that a Superior Court justice had approved the at-

tachment. In fact, the writ had not been approved. The deputy sheriff attached plaintiff's real estate on December 26, filed a copy of the writ in the Registry of Deeds and mailed the return writ to defendant.

Plaintiff claimed damages for expenses in removing the attachment and the consequential damages resulting from a lost sale of the property. The jury returned a verdict in favor of plaintiff and awarded $5,060.00 in compensatory damages and $5,000.00 in punitive damages. Defendant appeals.

■ Defendant argues that his attachment of plaintiff's property, although not approved by an order of court, was nonetheless legal and thus the jury verdict against him cannot stand. We need not decide whether a writ of attachment may issue without further order of court after a divorce judgment has been rendered. Plaintiff was not required to establish the illegality of the attachment in order to prevail. The special jury verdict form in this case did not separate plaintiff's two theories of recovery. If the evidence supports at least one of plaintiff's two counts, the liability aspect of the verdict must stand. *Depositors Trust Company v. Farm Family Life Insurance Co.*, 445 A.2d 1014, 1020 (Me. 1982); *London v. Smart,* 127 Me. 377, 143 A. 466 (1928). Abuse of process, alleged in Count I, has two elements: "1) a use of . . . process in a manner not proper in the regular conduct of the proceedings and 2) the existence of an ulterior motive." *Nadeau v. State,* 395 A.2d 107, 117 (Me.1978) (citing *Bourisk v. Derry Lumber Co.,* 130 Me. 376, 156 A. 382 (1931)). *See also Saliem v. Glovsky and Fogg,* 132 Me. 402, 172 A. 4 (1934); *Lambert v. Breton,* 127 Me. 510, 144 A. 864 (1929). The evidence amply supports the jury finding that defendant made an improper use of process and did so with an ulterior motive. The determination of liability must stand.

■ Defendant challenges the award of compensatory damages on the ground that it results from a compromise verdict. He argues that the evidence would support either a verdict in the amount claimed by plaintiff or nothing. If the jury verdict is in error, it operates in favor of the defendant and may result from defense counsel's artful summation to the jury in which he suggested compensatory damages could not exceed the sum which was eventually returned. Next defendant contends that there is no evidence that the attachment of the real estate resulted in the failure of plaintiff's sale of the property. Although the record contains contradictory evidence concerning the cause of the failed real estate transaction, it supports the jury's conclusion that the transaction would have been completed had it not been for the attachment. We conclude that defendant has not demonstrated error in the award of compensatory damages.

■ Finally, defendant challenges the award of punitive damages solely on the grounds that it is excessive. "The award of punitive damages . . . is within the sound discretion of the fact finder after weighing all relevant aggravating and mitigating factors." *Hanover Insurance Company v. Hayward,* 464 A.2d 156, 158 (Me.1983). We discern no error in the jury award.

The entry shall be:

Judgment affirmed.

All concurring.