NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3481
_____

CLAUS PETER SPETH,
                              Appellant

v.

ROBERT GOODE; GEETHA NATARAJAN;
RICHARD T. CARLEY; MARSETTA LEE;
JANE/JOHN DOE; ATTORNEY GENERAL
OF THE STATE OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 1-95-cv-00264)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 11, 2014

Before:  FUENTES, FISHER, and KRAUSE, *Circuit Judges*.

(Filed: March 13, 2015 )
_____

OPINION*
_____

_____

        * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

FISHER, *Circuit Judge*.

Claus Peter Speth sued several New Jersey state officials over their alleged actions relating to a medical examination he performed and his subsequent prosecution. After two decades of litigation, the District Court dismissed or granted judgment to the defendants on each claim. Speth appeals the dismissal of some claims against one defendant and an order declining to hold an *in camera* inspection of certain attorney-client communications. We will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

In 1993, the family of a deceased inmate asked Speth to examine the results of the inmate's autopsy. The parties heavily dispute what occurred during and after the examination, but Defendant Geetha Natarajan, an Assistant State Medical Examiner, later called her supervisor to express concern about Speth's work. The supervisor subsequently decided that Speth had tampered with a specimen from the autopsy, and the state began a criminal investigation. Speth says that during his examination he discovered medical evidence that showed the examiners reported the wrong cause of death and that Natarajan tampered with the specimen to hide what he discovered and incriminate him.

2

While the criminal investigation was ongoing, Speth brought this lawsuit in the U.S. District Court for the District of New Jersey, alleging a conspiracy to deprive Speth of his constitutional rights. Based on testimony from Natarajan and others, a state grand jury then indicted Speth on one count of witness tampering, one count of evidence tampering, and one count of false swearing. The District Court stayed this case while the state-court criminal trial proceeded. A jury convicted Speth of witness tampering but was deadlocked on the evidence tampering and false swearing charges. The trial court ultimately dismissed those two charges. Speth's witness tampering conviction was affirmed on appeal.

The District Court ended the stay, and Speth filed an amended complaint—the operative complaint for this appeal. Speth brought thirteen causes of action against a group of defendants including Natarajan, only four of which are relevant here: state-law causes of action for defamation, abuse of criminal process, and malicious prosecution, and a 42 U.S.C. § 1983 claim of retaliation for filing this lawsuit. The defendants moved to dismiss these four claims for failure to state a claim upon which relief can be granted. The District Court granted the motion.

When discovery proceeded on the remaining claims, Speth learned that Natarajan had communicated with a state attorney about two cases in which the state opposed Speth's participation as an expert. Speth moved for an *in camera* inspection of those communications to determine whether the communications should be disclosed under the

3

crime-fraud exception to the attorney-client privilege. The magistrate judge denied the

motion and Speth's motion for reconsideration. The District Court affirmed the

magistrate judge's orders on appeal.

The District Court ultimately granted summary judgment to the defendants on the

remaining claims and terminated the action. Speth filed a timely appeal.

## II.

The District Court had jurisdiction over Speth's claims under 28 U.S.C. §§ 1331

and 1367. We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary

review over a District Court's order granting a motion to dismiss for failure to state a

claim.[1] We can affirm on any basis in the record.[2] We review a District Court's

determination of whether the crime-fraud exception to the attorney-client privilege

applies for abuse of discretion.[3]

## III.

Speth only appeals two issues. First, did the District Court err in dismissing the

defamation, abuse of criminal process, malicious prosecution, and retaliation claims

against Natarajan? And second, did the District Court err in not reviewing *in camera* the

---

[1] *Rea v. Federated Investors*, 627 F.3d 937, 940 (3d Cir. 2010).
[2] *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014).
[3] *See In re Grand Jury Subpoena*, 745 F.3d 681, 687 (3d Cir. 2014). An abuse of discretion occurs when the District Court's decision "rests on a clearly erroneous finding of fact, an error of law, or a misapplication of law to the facts." *Marco v. Accent Publ'g Co.*, 969 F.2d 1547, 1548 (3d Cir. 1992).

attorney-client communications to determine whether the crime-fraud exception to the privilege applied? We address each argument in turn.

A.

We agree with the District Court that the four causes of action on appeal failed to state a claim upon which relief can be granted. A complaint states a claim upon which relief can be granted, and survives a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when it contains a short, plain statement of facts that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.[4]

Speth's defamation claim failed to state a claim upon which relief can be granted. The claim consists of his allegations that all the defendants in the lawsuit published "numerous assertions that [Speth] was professionally incompetent," based on a report that Natarajan's supervisor wrote, and published that Speth "was under investigation for tampering with evidence."[5] The statute of limitations for defamation in New Jersey is one year.[6] The report Speth refers to was published more than one year before he filed this lawsuit; therefore, his claim relating to leaks of this report is time-barred.[7] And any statements that Speth was under investigation for tampering with evidence were not false;

---

[4] *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).
[5] J.A. 248-49.
[6] N.J. Stat. Ann. § 2A:14-3.
[7] Although the statute of limitations runs each time a defamatory statement is made, it is undisputed that Speth himself publicized the report at a press conference more than one year before this lawsuit was filed. After that conference, Speth cannot complain that others referred to the report.

5

Speth was under investigation for tampering with evidence and was subsequently

indicted.[8] Thus, the District Court properly dismissed this claim.

Speth's claim for abuse of criminal process fails for substantially the same reasons

as given by the District Court. An abuse of criminal process occurs when that process is

improperly perverted *after* it has been properly issued.[9] Speth does not allege that

Natarajan did anything improper after the indictment was issued. Accordingly, this claim

was properly dismissed.

Finally, Speth's malicious prosecution and retaliation claims fail to state a claim.

Speth argues that although the state criminal jury was deadlocked on the charges of

evidence tampering and false swearing, those charges were not supported by probable

cause because he can prove that Natarajan falsified evidence and lied about it to bring

about his prosecution.[10] However, Speth must also show that the criminal proceedings

terminated in his favor—an element of both causes of action.[11] Here, Speth was

convicted of one of the charges in the indictment, witness tampering. Because Speth was

convicted of one of the charges brought against him, he cannot show favorable

---

[8] *See Leang v. Jersey City Bd. of Educ.*, 969 A.2d 1097, 1113 (N.J. 2009) (stating that a statement must be false to be defamatory).

[9] *See Ash v. Cohn*, 194 A. 174, 176 (N.J. 1937).

[10] *See Hartman v. Moore*, 547 U.S. 250, 259-66 (2006) (holding that a claim of retaliation for the exercise of constitutional rights requires a plaintiff to plead and prove the absence of probable cause for the prosecution or arrest); *Helmy v. City of Jersey City*, 836 A.2d 802, 806 (N.J. 2003) (stating that a state-law claim for malicious prosecution requires a plaintiff to plead and prove the absence of probable cause for the proceeding).

[11] *See Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (en banc); *Helmy*, 836 A.2d at 806.

termination even though the trial court dismissed the other, related charges.[12] Thus, these claims were also properly dismissed.

B.

Speth argues that the magistrate judge used an incorrect legal standard to evaluate whether to review *in camera* Natarajan's communications with the state attorney to determine if the crime-fraud exception to the attorney-client privilege applied.[13] He also argues that the magistrate judge's ultimate decision not to review the documents *in camera* improperly discounted his evidence and was unreasonable. We disagree.

First, the magistrate judge applied the correct legal standard to determine whether *in camera* review was warranted. The magistrate judge stated that the party proposing *in camera* review must show "a factual basis adequate to support a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies."[14] This is the standard that the Supreme

---

[12] *Kossler*, 564 F.3d at 188 ("When the circumstances . . . indicate that the judgment as a whole does not reflect the plaintiff's innocence, then the plaintiff fails to establish the favorable termination element."). Speth argues that the fact that his conviction was recently expunged means that we may not consider the conviction in this case. However, subsequent expungement is not a basis to find a favorable termination for these causes of action. *See id.* at 187.

[13] The magistrate judge was permitted to adjudicate Speth's nondispositive motions to compel and for reconsideration under Federal Rule of Civil Procedure 72(a) and District of New Jersey Local Rule 72.1(a)(1).

[14] J.A. 30-31 (internal quotation marks omitted).

Court established in *United States v. Zolin*.[15] Accordingly, the magistrate judge applied the correct legal standard.[16]

Second, we see no abuse of discretion in the magistrate judge's application of that standard to this case. Speth bore the burden of demonstrating that a reasonable person would believe that the court's review might reveal a crime or fraud. Because the magistrate judge did not find Speth's evidence of a crime or fraud credible, she found that Speth's evidence did not meet that burden. We see no reversible error in that determination.

## IV.

For the reasons set forth above, we will affirm the District Court's judgment.

---

[15] 491 U.S. 554, 572 (1989).

[16] Although the magistrate judge substituted "would" for "may" at times in the initial opinion's legal analysis of the *Zolin* standard, *e.g.*, J.A. 35, she reiterated in the opinion on the motion for reconsideration that she found that Speth did not satisfy the *Zolin* standard as properly worded, J.A. 11 n.2.